UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MAGEE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) MCDONALD'S CORPORATION, ) ) Defendant. ) | Case No. 16-CV-05652 Judge Joan B. Gottschall |

## **MEMORANDUM OPINION AND ORDER**

According to his First Amended Complaint ("FAC"), Scott Magee ("Magee"), is legally blind. ECF No. 4 ¶ 9. Magee has sued McDonald's Corp. ("McDonald's"), a well-known fast food chain. Many McDonald's restaurants in the United States lock their doors late at night and continue to sell food to customers who use the drive-through. *See id.* ¶¶ 25–32. Magee alleges that this practice unlawfully discriminates against blind individuals. *See id.* ¶¶ 33–40 (describing Magee's alleged failed attempts to use drive-throughs without a car). Magee brings claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, on behalf of a putative nationwide class and under the Unruh Act, Cal. Civ. Code, § 51, *et seq.*, on behalf of a proposed California subclass.

On February 15, 2017, the court granted in part and denied in part McDonald's motion to dismiss the FAC for failure to state a claim upon which relief can be granted. ECF No. 33. Discovery began by March 1, 2017, and the parties reported that written discovery was ongoing on May 3, 2017.

About a month-and-a-half later, on June 13, 2017, Magee filed a motion for leave to file a second amended complaint. *See* Proposed 2d Am. Compl. ("Proposed SAC"), ECF No. 50-2.

Magee requests leave to add McDonald's USA, LLC ("McDonald's USA"), as a defendant and alter certain allegations regarding the relationship between the named defendants and McDonald's restaurants operated under a franchise agreement. *Compare id.* ¶¶ 13–21, with FAC ¶¶ 13–14. In the FAC, Magee alleges that "[s]ome of Defendant's restaurants are operated by the Defendant, others are operated by franchisees." ECF No. 4 ¶ 13. The FAC adds that McDonald's leases or owns the restaurant building. *Id.* ¶ 14. Magee would introduce a concept he calls the "McDonald's System," which "is codified and enforced by manuals and franchise agreements ('McDonald's System Documents') that are authored, owned, promulgated and enforced by McDonald's," in the SAC. *See* Proposed SAC ¶ 15, *see also id.* ¶ 13–21. Because, Magee alleges, "[a]s it exists today, the McDonald's System does not include any policy, procedure, protocols, or infrastructure for assisting, aiding, or serving visually-impaired would-be customers of McDonald's-branded restaurants when the interiors [but not the drive-through windows] of those restaurants are closed to the public," Magee would seek to hold McDonald's and McDonald's USA liable for alleged ADA violations at restaurants run by franchisees. *Id.* ¶ 21. After considering the parties' arguments, including the court-authorized surreply, ECF No. 70, and the applicable law, the court grants the motion.

## I. PROCEDURAL STANDARD

As no deadline for amending pleadings has been set, the court analyzes the instant motion under Federal Rule of Civil Procedure 15(a)(2). *E.g.*, *United States v. Arnaout*, No. 14-CV-5617, 2016 WL 6778886, at *2 (N.D. Ill. Nov. 16, 2016). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires" before trial. Rule 15(a)(2) affords "[d]istrict courts . . . broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the

2

defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)); *accord Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (quoting *Bethany Pharmacal Co., v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001)). "If the underlying facts or circumstances . . . may be a proper subject of relief, [a party] ought to be afforded an opportunity to test [its] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. ANALYSIS

Apparently franchisees operated the three restaurants Magee tried to visit late at night, and so McDonald's does not oppose substituting McDonald's USA as the proper defendant on a theory that those three restaurants' leases name McDonalds USA as the lessor. Br. Opp'n to Mot. Leave to File 2d Am. Compl. ("Br. Opp'n") 1, ECF No. 64 (stressing that neither company admits liability). The proposed SAC does not substitute, however. It adds McDonald's USA. *See* ECF No. 50-2 at 1.[1] The court nonetheless grants Magee's request for leave to add McDonald's USA under the theory to which McDonald's consents.

McDonald's objects that allowing Magee to add his contentions about the "McDonald's System" would be futile and would also unduly delay this case by injecting an entirely new issue which would "dwarf" the grounds on which this case has been litigated. Oppn' Br. 2. Neither argument persuades.

The court analyzes futility first. To decide whether an amendment is futile, the court determines whether the proposed amended complaint could withstand a Rule 12(b)(6) motion to dismiss. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 524

---

[1] Magee lists only McDonald's Corporation as the defendant in his proposed SAC. When he files his second amended complaint, he should include all defendants in the caption as well as the body of the complaint. *See* Fed. R. Civ. P. 10(a).

3

(7th Cir. 2015) (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997)).

McDonald's does not mount a Rule 12(b)(6) attack on the proposed SAC on its face. Rather, McDonald's points to excerpts of a lease, manual, and franchise agreement to show that franchisees are independent businesses. *See* Opp'n Br. 3–6 (quoting Ex. A, C, D, ECF No. 64-1). Magee replies that McDonald's has provided limited excerpts of documents governing the relationship between franchisees on the one hand and McDonald's USA on the other. Magee's reply effectively amounts to a request for more time to explore the pertinent issues in discovery. Also, the excerpted franchise and lease agreement in the record, Ex. C, D, covers only one of the three restaurants Magee describes visiting in his complaint, and it is a California restaurant he visited once rather than the the Louisiana restaurant near his home. *Compare* Ex. C at 1 (San Francisco McDonald's), *with* FAC ¶¶ 33–40.

The court asks here only whether filing the proposed SAC would be futile. To consider the evidence attached to McDonald's response to the instant motion, the court would need to convert a hypothetical Rule 12(b)(6) motion to a motion for summary judgment and afford Magee adequate time to conduct discovery before deciding it. *See* Fed. R. Civ. P. 12(d) (requiring conversion of Rule 12(b)(6) motion when material outside the pleadings is presented and the court relies on it and stating that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent" before a motion to dismiss for failure to state a claim is converted to a motion for summary judgment). Because "the test for futility does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment," McDonald's futility argument must fail. *Arnaout*, 2016 WL 6778886, at *4 (quoting *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002)) (alterations omitted,

4

other citation omitted); *see also Runnion*, 786 F.3d at 529 (quoting *Bausch v. Stryker Corp.*, 630 F.3d 546, 561) (7th Cir. 2010) (stressing, on Rule 12(b)(6) analysis of futility of amending complaint, that a plaintiff should not be required "to plead information she could not access without discovery").

On undue delay, McDonald's points out that approximately twelve months passed between the filing of Magee's FAC in June 2016 and the instant motion, but the time needed to brief and decide McDonald's motion to dismiss the FAC accounts for most of that time period. Magee amended his complaint once on June 7, 2016, ECF No. 4, but he did so within two weeks after he filed his original complaint on May 26, 2016, ECF No. 1. All of this occurred before McDonald's appeared. *See* Fed. R. Civ. P. 15(a)(1)(A) (allowing a complaint to be amended once as a matter of course within twenty-one days after it is served). Much of the ensuing delay resulted from McDonald's motion practice. McDonald's moved to dismiss the FAC for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Discovery did not begin while that motion was pending. *See* Fed. R. Civ. P. 26(d)(1). The court granted the motion to dismiss in part and denied it in part on February 15, 2017. *See* ECF No. 33 at 11. Discovery apparently began sometime after that date; the parties reported that it was underway on March 1, 2017. *See* Minute Entry, ECF No. 34. Two months later, the parties reported that written discovery was ongoing. Minute Entry, May 3, 2017, ECF No. 48 (noting that agreed protective order had been entered). Magee filed the instant motion about a month-and-a-half later on June 13, 2017. ECF No. 50. So roughly three, not twelve, months of written discovery had been taken when Magee moved for leave to file his proposed SAC.

This does not constitute an undue delay. Magee represents that as of June 13, 2017, when he filed the instant motion, no depositions had been taken, and though McDonald's filed a

5

surreply, ECF No. 70, it does not challenge that representation. *See also* Minute Entry, May 3, 2017 (stating that "[w]ritten discovery is still ongoing"). In other words, the three-or-so months of discovery taken before Magee filed the instant motion will not need to be redone if the amendment is allowed. *See, e.g.*, *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (holding that defendant would not suffer undue delay in part because only one deposition had been taken at which questions relevant to the new allegations in the amended complaint were asked).

Furthermore, the amount of time it takes for a plaintiff to seek leave to amend is not as important as how the delay affects the case's progress and the other parties. That is, "[d]elay alone is usually not sufficient to deny a motion for leave to amend." *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)). Instead, "[t]he underlying concern is the prejudice to the defendant rather than simple passage of time." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–74 (7th Cir. 1995)) (other citation omitted).

Adding McDonald's relationship with franchisees to the menu of issues will, argues McDonald's, prolong discovery, as an allegedly analogous issue of whether McDonald's jointly employed people working for franchise restaurants did in recent wage-and-hour litigation. *See Salazar v. McDonald's Corp.*, No. 14-cv-02096-RS, 2017 WL 950986 (N.D. Cal. Mar. 10, 2017), *appeal docketed*, No. 17-15673 (9th Cir. Apr. 10, 2017). Because each franchise restaurant sets separate policies, McDonald's submits that discovery relevant to the proposed "McDonald's System" allegations will entail an examination of the policies and practices of thousands of franchise McDonald's restaurants in the U.S.

The scheduling order and the Federal Rules of Civil Procedure themselves include protections designed to prevent the out-of-control discovery McDonald's envisions. The briefing on the instant motion does not discuss the scheduling order because discovery stood at such an early stage when Magee filed the instant motion that the parties were still litigating the discovery schedule. On the same day Magee filed the instant motion, he moved to adopt a discovery schedule. ECF No. 52. McDonald's presented its own discovery plan by motion filed ten days later on June 23, 2017, ECF No. 63. The magistrate judge supervising discovery adopted a plan for phased discovery beginning with discovery on Magee's individual claims and culminating in the anticipated filing of dispositive motions by June 29, 2018. *See* Order 1, July 31, 2017, ECF No. 75. After the court rules on any dispositive motions, a schedule for discovery on class claims will be set. *Id.* Under the magistrate judge's scheduling order, discovery on any individual restaurants' policies will be limited to the three restaurants Magee tried to visit. *See id.*

The process of class certification will also raise the question of whether issues unique to each franchise restaurant predominate over common questions, giving the parties an opportunity to present concerns about the manageability and trade-offs involved in any class discovery. *See* Fed. R. Civ. P. 23(a)(2), (b)(3); *see also, e.g.*, *Riffey v. Rauner*, 873 F.3d 558, 565–66 (7th Cir. 2017) (applying Rule 23(b)(3) predominance requirement and stating that "[t]he predominance requirement is met when common questions represent a significant aspect of a case and can be resolved for all members of the class in a single adjudication." (citing *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016)); *Kleen Prods. LLC v. Int'l Paper Co.*, 831 F.3d 919, 925 (7th Cir. 2016) ("[A] common contention for Rule 23(a)(2) purposes 'must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity

7

will resolve an issue that is central to the validity of each one of the claims in one stroke.'" (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011))). In sum, in the scheduling order, the requirements of Rules 23, and also 26(b), provide safeguards intended to protect McDonald's from overly broad or burdensome discovery. *See* Fed. R. Civ. P. 26. With so many procedural protections, McDonald's will not suffer undue prejudice if Magee's SAC is filed.

### III. CONCLUSION

For the reasons stated, Magee's motion for leave to file his second amended complaint, ECF No. 50, is granted, Magee must file his proposed second amended complaint, ECF No. 50-2, separately on the docket on or before November 21, 2017.


Date: November 14, 2017                                /s/
                                              Joan B. Gottschall
                                              United States District Judge