## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Scott Magee, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-CV-5652 |
| v. | ) ) | Judge Joan B. Gottschall |
| McDonald's Corporation and McDonald's USA, LLC | ) ) ) | |
| Defendants. | ) | |

## ORDER

Title II, § 302, of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327, as amended, ("ADA"), generally forbids discrimination against individuals with disabilities in places of public accommodation such as restaurants. *Ashby v. Warrick Cty. Sch. Corp.*, 908 F.3d 225, 230 (7th Cir. 2018) (citing *Tenn. v. Lane*, 541 U.S. 509, 516 (2004). *See also* 42 U.S.C. § 12181(7)(b) (defining "public accommodation" to include restaurants); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676–77 (2001). In this putative class action, plaintiff Scott Magee ("Magee"), who is legally blind, claims McDonald's Corp. ("McDonald's") and McDonald's USA, LLC ("McDonald's USA") violated Title II and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 and 52 (the "Unruh Act"), by remaining open to drive-through customers late at night while locking their doors to walk-in customers.

Defendants move for summary judgment dismissing Magee's individual claims. Magee and defendants have also filed separate motions to strike portions of the summary judgment briefing, exhibits, and Local Rule 56.1 fact statements. Finding the motions to

strike to be well-taken, this court finds itself unable to reach the contested summary judgment issues on the present record.

## Motions to Strike

Before the court can analyze defendants' motion for summary judgment, separate motions to strike filed by Magee and defendants must be resolved. Defendants move to strike plaintiff's response brief. Magee moves to strike a portion of defendants' reply brief. To place the parties' arguments in context, the court sets forth the summary judgment standard and describes the process of submitting statements of undisputed material facts under this court's Local Rule 56.1.

### A. Plaintiff's Motion to Strike

Magee moves to strike a portion of defendants' reply that he contends raises arguments which exceed the scope of their opening motion and his response. Pl.'s Mot. to Strike 1, ECF No. 169. The court agrees that defendants' arguments that Magee had "meaningful access" to the McDonald's restaurants, as that phrase is used in case law, does not appear in defendants' opening summary judgment memorandum. *See* Defs.' Mem. Supp. Mot. Sum. J., ECF No. 135. Defendants contend that they sowed the seeds of their meaningful access argument in their discussion of causation principles as applied in *A.H. v. Illinois High School Ass'n,* 881 F.3d 587 (7th Cir. 2018). *See* Mem. Supp. Mot. Summ. J. 6–7. Defendants collect a number of references to the use of food delivery services in their opening memorandum, but they do not contend that they approached the issue from a perspective other than causation. *See* Defs.' Resp. to Pl.'s Mot. to Strike 2–3, ECF No. 171. Consequently, the fact that plaintiff's response also mentioned delivery services in the context

of defendants' causation arguments does not broaden the scope of the issues raised by defendants' opening memorandum. *See id.* at 3–4.

Moreover, the analysis of *A.H.* in the opening memorandum contradicts defendants' position. Defendants argue in their opening memorandum that "the policy is a neutral policy applied to all customers who do not have access to a motor vehicle for any reason—whether disability, financial, youth, or personal choice—or who choose not to use the Restaurant's delivery service." *Id.* at 7. This language takes as a given that Magee was denied access and argues that the policy was facially neutral. Defendants did not cite or discuss the body of case law on the separate issue of whether a person with a disability has received "meaningful access" to a public accommodation. *See, e.g., Young v. City of Claremore.*, 411 F. Supp. 2d 1295, 1313 (N.D. Okla. 2005), cited in Defs.' Reply Supp. Mot. Summ. J. 2, ECF No. 162. Indeed, defendants' reply differentiates between their meaningful access argument and their contention that the policy is facially neutral. The first two pages of the reply set forth facts defendants contend support the proposition that "Magee has meaningful access to the restaurants during overnight hours, and therefore the ADA does not apply." ECF No. 175 at 1–2. The paragraph that follows then asserts that "McDonald's had raised several *other defenses*," including their defense that "Magee was not denied service . . . 'on the basis of disability' . . . because all pedestrians, sighted and blind alike, are barred from the drive-thru for their safety and because all customers, sighted and blind alike, are barred from entering the restaurant during overnight hours." *Id.* at 2–3 (emphasis added). So defendants' reply treats causation and "meaningful access" as separate issues.

Making a "skeletal" argument does not properly preserve it. *Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (citing *United States v. Dunkel*, 927 F.2d

3

955, 956 (7th Cir. 1991)) (holding district court could properly disregard such an argument). To the extent the factual issue of the availability of food delivery services, though not the legal argument, is foreshadowed in defendants' reference to a delivery service in their opening memorandum, "[a] party . . . cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief." *Thompson v. AT&T Servs., Inc.*, 2018 WL 4567714, at *6 (N.D. Ill. Sept. 24, 2018) (quoting *Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011). As explained below, however, given that plaintiff brings a potential class action claim, the pull to decide this and other issues fully on the merits is particularly strong, and since summary judgment must be rebriefed for other reasons, the parties will have an opportunity to develop the meaningful access issue if they wish.

## B. Summary Judgment Standard

Summary judgment must be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In resolving summary judgment motions, "facts must be viewed in the light most favorable to," and all reasonable inferences from that evidence must be drawn in favor of, "the nonmoving party[–but] only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Blasius v. Angel Auto., Inc.*, 839 F.3d 639, 644 (7th Cir. 2016) (citing *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016)). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Modrowski v. Pigatto*,

712 F.3d 1166, 1168 (7th Cir. 2013) (explaining that Rule 56 "imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary") (citation omitted)). After "a properly supported motion for summary judgment is made, the adverse party must" go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 255 (quotation omitted); *see also Modrowski*, 712 F.3d at 1169 (stating party opposing summary judgment "must go beyond the pleadings (*e.g.,* produce affidavits, depositions, answers to interrogatories, or admissions on file), to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor") (citations and quotations omitted)). Summary judgment is warranted when the nonmoving party cannot establish an essential element of his case on which he will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). The standard differs if the party moving for summary judgment will bear the burden of proof at trial.

### C. Defendants' Motion to Strike Plaintiff's Local Rule 56.1 Statements and Responses

This court's Local Rule 56.1 creates a procedure for presenting facts that a party contends are material at summary judgment. Specifically, Local Rule 56.1(a)(3) requires a party moving for summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (quoting L.R. 56.1(a)(3)). Defendants move to strike portions of Magee's declaration, his response to their Local Rule 56.1(a)(3) fact statement, and his Local Rule 56.1(b)(3) statement of additional facts. Defs.' Mot. to Strike 1, ECF No. 156. Striking plaintiff's response and

statement of additional facts would obviate the need to discuss Magee's declaration, so the Local Rule 56.1 issues will be considered first.

Local Rule 56.1(b)(3)(B) requires the nonmoving party to submit a response to each statement of fact provided by the movant, "including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." The nonmoving party may also present a separate statement of additional facts "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Similarly, "[i]f additional material facts are submitted by the opposing party . . . the moving party may submit a concise reply in the form prescribed in that section for a response." L.R. 56.1(a). If the movant fails to respond properly to the opposing party's statement of additional facts, those facts will be deemed admitted. *Id.*

Defendants identify three defects in Magee's Local Rule 56.1(b)(3) response: (1) it does not identify which facts are undisputed; (2) it lacks exhibit numbers for evidentiary materials cited; and (3) several paragraphs of the response improperly make legal and factual arguments. Defs.' Mot. to Strike ¶¶ 5–6. Alas, the court agrees. As defendants argue, the latter two problems—an absence of exhibit numbers and improper argument—pervade Magee's Local Rule 56.1(b)(3) statement of additional facts as well. *Id.* ¶¶ 9–10.

Magee concedes that defendants are correct regarding the presence of improper argument in his Local Rule 56.1 submissions. He "asks that the Court only consider the record cites he offers in opposition (and not Magee's assertions of fact)." Pl.'s Resp. to Defs.'

Mot. to Strike 5, ECF No. 180. If this were the only problem, the court would be inclined to grant plaintiff's request, but it is not the only problem. Consistent with its ordinary practice, this court will not consider improper arguments in Magee's Local Rule 56.1 statement, and defendants' motion to strike is granted on this basis. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009). [1]

Far more troublesome is Magee's decision to forego citations to the place in the record where his evidence can be found. Magee asserts that Local Rule 56.1 does not explicitly require a citation to refer to an exhibit number. Pl.'s Resp. to Defs.' Mot. to Seal ¶ 1. He cites no case so holding. *See id.* While the Local Rules do not say in so many words that an exhibit number is required, "specific references to the affidavits, *parts of the record*, and other supporting materials relied upon" must be supplied and identified. L.R. 56.1(b)(3)(C) (emphasis added).

Magee filed 20 summary judgment exhibits spanning thousands of pages. *See* ECF No. 143-1 through 143-20. Defendants filed 19 more exhibits. *See* ECF Nos. 138, 139. Magee provided an exhibit list, ECF No. 143, in his response to defendants' motion to seal. *See* Pl.'s Resp. to Defs.' Mot. to Seal 5. His exhibits consist of several depositions (some of which are just excerpts), and he identifies some exhibits as containing multiple documents. Exhibit 11 for instance is described as "McDonald's Franchise Agreements;" Exhibit 12 is a collection of "McDonald's Operator's Leases;" and Exhibit 20 is a nonspecific "Record of McDonald's Income from the Restaurants." ECF No. 143 at 1, 2. In his Local Rule 56.1(b)(3) response, Magee cites to a (singular) "Franchise Agreement" by page number.

---

[1] Defendants' reply is not immune from these problems, but the court assumes that if Magee complies with the Local Rule, defendants will follow.

*E.g.,* ECF No. 143 ¶¶ 6, 12.  These citations typify the problem.  The court guesses that Magee refers to just one of the agreements in Exhibit 11 because the exhibit appears to have a name similar to the name he adopted in his Local Rule 56.1(b)(3) response.  But which one of the agreements is he referring to?  And why should the court draw that inference when Magee appears to cite one agreement even though Exhibit 11 contains three?  Elsewhere Magee cites deposition transcripts.  *E.g.*, Pl.'s Resp. to Defs.' Mot. Summ. J. ¶ 25 (citing Magee Dep.), ECF No. 142.  The court can use Magee's exhibit list to locate his copy of the deposition readily enough as plaintiff's Exhibit 10, but Magee's Exhibit 10, ECF No. 143-10, consists of nine pages of excerpts of his deposition transcript.  Defendants filed 64 pages of excerpts of Magee's deposition transcript as Exhibit 10 to their Local Rule 56.1(a)(3) statement of facts.  *See* Defs.' Ex. 10, ECF No. 138-10.  To determine where each passage Magee cites can be found, the court must hunt through both transcripts.

These examples illustrate the problems created by the non-conforming citations in Magee's Local Rule 56.1 submissions.  Magee identifies the type of evidentiary material on which he relies but shifts to the court the task of sorting through multiple excerpts of that material and collections of exhibits to find in the record what Magee is citing.  As Magee notes, Local Rule 56.1 is designed to "assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence . . . [as well as] imposing some discipline on the pretrial process and facilitating an early end to cases that do not require a full trial." *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999).  Failing to tell the court where in the record materials can be found frustrates that purpose.

Further confusion arises when Magee's Local Rule 56.1 submissions are compared to his memorandum of law in opposition to defendants' motion for summary judgment. ECF No. 142. Magee captioned his exhibit list as exhibits to his memorandum in opposition rather than as exhibits to his Local Rule 56.1(b)(3) response and statement of additional facts. *See* ECF No. 143 at 1. Magee's briefing seems to treat the exhibits as separate from the Local Rule 56.1 statements. Throughout his opposition memorandum, Magee cites exclusively to exhibits, although he gives no exhibit numbers, often omits page references, and does not otherwise help the reader find the portion of the record to which he refers. Citations to evidentiary material appear exclusively in footnotes to Magee's response memorandum. Not once in his 107 footnotes does Magee cite the Local Rule 56.1 fact statements and responses, even though he cites directly to other material in the record down to the footnote number. *See* Pl.'s Resp. to Defs.' Mot. Summ. J. 32, ECF No. 142 (citing "R. Doc. No. 138 at 6 n.2").

Two additional violations of Local Rule 56.1 further hamper the court's ability to determine accurately what, if any, facts are genuinely disputed. First, a response to a Local Rule 56.1 fact statement must consist of "numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed" and a response to each paragraph. L.R. 56.1(b)(3)(A). Magee's Local Rule 56.1(b)(3) response omits paragraphs he apparently does not dispute, and Magee often does not summarize the original paragraph when responding to paragraphs he disputes. *E.g.*, ECF No. 144 ¶¶ 8, 10, 25, 26.

Paragraph 26, for instance, states simply, "Plaintiff disputes this as a mischaracterization of his testimony." *Id.* What does plaintiff dispute? The reader must flip to defendants' fact statement for the answer—something Local Rule 56.1 seeks to eliminate. Defendants helpfully attempt to correct the problem in their Local Rule 56.1(b)(3) reply; they

do what Magee should have done and pair each opening paragraph with Magee's response. *See* Defs.' Reply, ECF No. 158 at 1–21 (reserving objections). Second, Magee improperly employs cross references in his Local Rule 56.1 response. *See* ¶¶ 13, 16, 17, 23, ECF No. 144. Local Rule 56.1 statements and responses must cite evidentiary material rather than saddle the opposing party and the court with the burden of following this kind of confusing citation. *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1019 (N.D. Ill. 2018) (Gottschall, J.) (citing *Schlessinger v. Chicago Hous. Auth.*, 130 F. Supp. 3d 1226, 1228 (N.D. Ill. 2015)).

Magee's Local Rule 56.1 submissions and his memorandum of law make identifying what facts are disputed a confounding and dizzying enterprise. On the one hand, if Magee means for his exhibits to relate to his Local Rule 56.1(b)(3) response and statement of additional facts, he must make that clear and cite the Local Rule 56.1 fact statements and responses exclusively. On the other hand, if Magee means, as it appears, to invite the court to bypass the fact statements and review the 107 evidentiary citations in his response memorandum, his invitation must be declined. The rule in this district that summary judgment memoranda must cite the Local Rule 56.1 fact statements is well settled and need not be belabored. *Mervyn v. Nelson Westerberg, Inc.*, 142 F. Supp. 3d 663, 664–65 (N.D. Ill. 2015), collects more than 20 cases standing for the proposition that Local Rule 56.1 prohibits parties from citing evidentiary materials in summary judgment briefing. *See also BA Jacobs Flight Servs., LLC v. Rutair Ltd.*, 2015 WL 360758, at *3 (N.D. Ill. Jan. 27, 2015) (collecting even more cases).

While Magee's violations of Local Rule 56.1 are egregious, defendants' Local Rule 56.1 fact statements and response have many of the same problems. Defendants include substantial argument in their Local Rule 56.1 submissions. *See, e.g.*, Defs.' Resp. to Pl.'s

10

Stmt. Add'l Facts ¶¶ 5, 6, 7, 9, 12, 13, 15, 16, 18, 20, 23, 24, 29, 30, 31, 36 (arguing, among other things, about whether the original paragraph is argumentative). Indeed, paragraph 18 makes a one-sentence argument that can be read as a Federal Rule of Evidence 702 challenge to an expert report. *See id.* ¶ 18 (arguing that report was based on one study). The briefing does not mention the expert report or develop the issue. Also, like Magee, defendants do not specify which of the leases and franchise agreements they cite. *See id.* ¶¶ 27, 28, 30, 39. Finally, although defendants object to the lack of a summary of the original paragraph in Magee's response to their fact statement, they do the same thing in their response to Magee's statement of additional facts: the defendants' response omits summaries of the paragraphs to which they are responding. *See id.* at 1–8. Again, this is particularly unhelpful because some of the response paragraphs explicitly refer to the text of the original paragraph, e.g., "[d]isputed as to the first sentence" (¶ 40) and "[d]isputed as to the remaining facts and assertions" (¶ 16).

Magee urges the court to excuse his noncompliance, contending that he has complied with the "spirit and intent of" the court's Local Rules if not their letter.[2] Pl.'s Resp. to Defs.' Mot. to Strike 3. While defendants do not make a similar request, the court has considered excusing their violations as well. But forcing the opposing party and the court to "try[ ] to match up the various propositions in each numbered statement with the corresponding citations and determining whether the statements were, in fact, supported by the evidence . . . flies in the face of both the letter and the spirit of L.R. 56.1." *Bullock v. Dart*, 599 F. Supp. 2d 947, 950 (N.D. Ill. 2009) (Bucklo, J.). The Seventh Circuit has repeatedly

---

[2] Magee makes this argument regarding his failure to respond to each paragraph of defendants' opening Local Rule 56.1(a)(3) fact statement. The court has considered his request regarding all of the violations it has found.

held that district courts may insist on strict compliance with local rules. *E.g., Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016).

This court has the discretion to excuse Local Rule 56.1 violations, and judges of this court have done so where determining what is genuinely disputed proves to be a relatively simple task, such as where the record is relatively compact or the issues are straightforward. *See, e.g.*, *BA Jacobs Flight Servs.*, 2015 WL 360758, at *3–4. But here neither the factual nor the legal issues are simple, as the 107 citations to the record in Magee's response memorandum and the parties' multiple requests to file oversized briefs demonstrate.

Furthermore, defendants provided Magee with an opportunity to rectify many of these defects by filing a motion to strike, and he chose to stand on what he filed. And defendants' Local Rule 56.1 statement contains many of the defects they pointed out, and it is defendants who have asked the court to enforce Local Rule 56.1 strictly. The parties' numerous violations of the local rules frustrate this court's ability to decide the motion correctly, which is the purpose of Local Rule 56.1. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) (Local Rule 56.1 is designed "to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination."). The court finds that achieving the purposes of Local Rule 56.1 would best be furthered by enforcing it strictly here.[3]

---

[3] The court therefore finds it unnecessary to consider defendants' hearsay objections to portions of Magee's declaration at this time.

**Summary Judgment for McDonald's Corp.**

The court can resolve only one issue on the current record—and only because the issue is uncontested. Both defendants, McDonald's Corp. and McDonald's USA, argue that they are not subject to Title III of the ADA and the Unruh Act.[4] Title III's General Rule reads:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

42 U.S.C. § 12182(a).

McDonald's Corp. contends that it does not own, operate, or lease any of the three franchise restaurants that allegedly discriminated against Magee. *See Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063 (5th Cir. 1995) (discussing Title II liability for franchising arrangements); *Ganden v. Nat'l Collegiate Athletic Ass'n*, 1996 WL 680000 at *11 (N.D. Ill. Nov. 21, 1996) (explaining that defendant must own, operate, or lease public accommodation and that a place of public accommodation sometimes has multiple operators); *Simenson v. Hoffman*, 1995 WL 631804, at *3–4 (N.D. Ill. Oct. 24, 1995) (dismissing defendant where undisputed evidence showed that it did not operate place of public accommodation).

Magee does not oppose entry of summary judgment for McDonald's Corp. Pl.'s Resp. to Defs.' Mot. Summ. J. 3. As Magee has abandoned his claim against McDonald's Corp. and

---

[4] As this court explained at the motion to dismiss stage:

> Section 51(f) of the Unruh Act, Cal. Civ. Code § 51(f), states that a violation of the right of an individual under the ADA shall also constitute a violation of the Unruh Act. Indeed, the California Supreme Court has held that all remedies available under § 52 of the Unruh Act (including actual and treble damages, penalties, injunctive relief and attorneys' fees) are available where an ADA violation has been proven. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (Cal. 2009).

*Magee v. McDonald's Corp.*, No. 16-CV-5652, slip op. at 10, ECF No. 33 (N.D. Ill. Feb. 15, 2017).

the court's own review of the fact statements discloses no reason to believe that a fact issue exists, Magee's claims against McDonald's Corp. are dismissed. *See, e.g., Palmer v. Marion Cty.*, 327 F.3d 588, 597–98 (7th Cir. 2003); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n.2 (7th Cir. 1996); *see also Mach v. Will Cty. Sheriff*, 580 F.3d 495, 501–02 (7th Cir. 2009) (discussing situations in which a party may properly abandon a claim at summary judgment).

## Conclusion

For the reasons discussed in connection with the motions to strike, the balance of the summary judgment issues cannot be resolved effectively on the present state of the briefs and Local Rule 56.1 fact statements. Given the introduction of a significant newly raised issue in the reply and the other briefing issues discussed above, the court, in its discretion, determines that the parties should receive an opportunity to rebrief the instant motion for summary judgment and file proper Local Rule 56.1 statements.

Plaintiff's and defendants' motions to strike are granted. Defendants' motion for summary judgment is granted insofar as McDonald's Corp. seeks summary judgment. The motion for summary judgment is otherwise denied without prejudice. Any renewed motion for summary judgment must be filed within 21 days of the date this order is entered.

ENTER ORDER:

Dated: March 28, 2019                 /s/

                                            Joan B. Gottschall
                                            United States District Judge